NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

</div>

## SIMON BEAM, PETITIONER, v. MORRIS S. TRIMMER, DEFENDANT.

**Injury While Working at Saw Mill Resulting in a Fall and a Dislocated Shoulder—Had Worked for Employer Eighteen Years and Had Never Complained of Dizzy Feelings—Injury as Result of Employment.**

On determination and finding of facts and rule for judgment.

A petition having been filed in the above-entitled proceeding praying for the determination of the compensation due the petitioner under an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the acts amendatory thereof and supplemental thereto, and the said petition having been duly served and an answer thereto having been filed, and the hearing of the said matter having been adjourned from time to time until Tuesday, February 9th, 1926, at which time the parties appeared before me at the city of Morris-

town, county of Morris, and State of New Jersey, and I having heard and considered the testimony adduced and the admissions as presented by both sides, do hereby determine and find as follows:

1. That some time on or about April 3d, 1925, at about two P. M., the said petitioner was employed by the respondent as a laborer, also known as a sawer, on a mill at the sawmill of the respondent, located in and near Lebanon, Hunterdon county, and State of New Jersey. The petitioner was employed at a weekly wage of $18.90, and while engaged in the duties of his employment, the said petitioner, while endeavoring to lift, and did lift, a log on the carriage of the mill, when the petitioner slipped, fell, and with his right arm extending across part of the mill, sustaining an injury or dislocation of his shoulder.

2. I find the petitioner worked approximately eighteen years for the respondent, and never during that time had the petitioner complained to the respondent of any dizzy feelings. I further find that the accident arose out of and in the course of his employment, and that the petitioner is now suffering from the above-mentioned injury, and that he is entitled to receive compensation for one hundred and twenty (120) weeks at the rate of $12.60 per week or a total of $1,512, for permanent disability, and he is also entitled to receive for temporary disability from April 3d, 1925, to June 8th, 1925, approximately two months and five days, amounting to $111.40, and $10 for medical expenses.

3. The preponderance of medical testimony conclusively shows that the dislocation of right shoulder joint was caused by the accident, injuring the nerve which supplies the fingers of the right hand, causing a permanent injury of his shoulder, of sixty per cent. of the total disability of his right arm, associated with a marked atropy of the structure and muscles, causing part of loss of function of right hand, arm and shoulder.

It is ordered, on this 3d day of March, 1926, that the respondent pay to the petitioner the compensation as above authorized, and the accrued compensation for both temporary

and permanent disability from the day of the accident to the day of the signing of the order and determination. Also the medical expenses and attorney fee. The respondent is also to pay to Charles Becker, attorney for petitioner, the sum of $175 on account of his services rendered in this procedure, and the petitioner is also to pay to Charles Becker the sum of $175 for legal services rendered in this case.

HARRY J. GOAS,
*Deputy Commissioner.*